IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03163-M-RJ

PETER D. HUFF,
        Plaintiff,

v.

NURSE THOMAS, et al.,
        Defendants.

ORDER

This cause is before the court on defendant Thomas' converted *pro se* motion for summary judgment, Mot. [D.E. 34], and defendant Thomas' supplemental motion for summary judgment, Mot. [D.E. 40]. For the reasons discussed below, the court grants these motions.

Relevant Procedural History:

On May 24, 2023, Peter D. Huff ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

On November 8, 2023, the court denied plaintiff's motion for copies, granted in part his motion to amend, and directed him to file an amended complaint. See Order [D.E. 13].

On December 7, 2023, plaintiff filed an amended complaint. Am. Compl. [D.E. 14].

On March 6, 2024, the court, *inter alia*, conducted its initial review of the amended complaint and directed plaintiff to further amend his complaint. See Order [D.E. 15].

On March 18, 2024, plaintiff filed an unverified second amended complaint alleging constitutional violations at Nash C.I. circa February 10, 2023. See 2d Am. Compl. [D.E. 15].

On April 16, 2024, the court reviewed plaintiff's second amended complaint and allowed his Eighth Amendment claims to proceed against Nurses Thomas and Griffith. Order [D.E. 17].

On April 17, 2024, pursuant to the court's Standing Order 14-SO-02, the court issued waivers of service as to Thomas and Griffith. See [D.E. 18].

On June 24, 2024, because Thomas and Griffith failed to return signed waivers of service in the time allowed, the court directed the North Carolina Department of Adult Correction ("DAC") to show cause for its failure to obtain timely waivers of service. See Order [D.E. 26].

On July 3, 2024, the DAC provided under seal the last known addresses for Thomas and Griffith [D.E. 24, 25], and responded to the order to show cause [D.E. 26]. The court updated the docket to reflect defendants' names as Mary Griffith and Devetta Thomas, found good cause for the DAC's failure to obtain timely waivers, deemed this failure to be the product of excusable neglect, directed the U.S. Marshals Service to make service on defendants at the addresses under seal pursuant to 28 U.S.C. § 1915(d), and issued summons. See [D.E. 27]; Order [D.E. 28].

Summons was returned unexecuted as to Thomas and Griffith, see [D.E. 29, 31], and the court reissued summons, [D.E. 30, 32].

On August 28, 2024, summons was returned executed as to Thomas. [D.E. 33].

On September 6, 2024, Thomas filed *pro se* what the court liberally construed as a motion to dismiss with an attachment. See Mot. [D.E. 34]; Mot. Attach. [D.E. 34-1].

On September 10, 2024, summons was returned unexecuted as to Griffith. [D.E. 35].

On January 7, 2025, the court, *inter alia*: allowed plaintiff twenty-one days to find an address and file a proposed summons as to Griffith; warned plaintiff that Griffith would be dismissed without prejudice as a defendant if he failed to comply with this order in the time allowed; converted Thomas' *pro se* filing to a motion for summary judgment; and allowed plaintiff twenty-one days to file a response to this motion for summary judgment. See Order [D.E. 37].

2

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("Roseboro"), the court informed plaintiff about Thomas' converted motion for summary judgment, the response deadline, and the consequences of failing to respond. [D.E. 38].

On January 28, 2025, Thomas, now represented by the North Carolina Attorney General's Office [D.E. 39], filed a supplemental motion for summary judgment, Mot. [D.E. 40], and a memorandum [D.E. 41], and attachments including Thomas' declaration, see [D.E. 41-2].

Pursuant to Roseboro, the court informed plaintiff about this supplemental motion for summary judgment, the response deadline, and the consequences of failing to respond. See [D.E. 42]. Plaintiff, however, failed to respond and the time to do so has passed.

## Standard of Review:

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 247–48, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). In making this determination whether a genuine issue of material fact exists for trial, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

Discussion:

Plaintiff's operative second amended complaint alleges, in relevant part, that Nurse Thomas violated his Eighth Amendment rights by denying him medical treatment at Nash C.I. on February 5 and 7, March 24 and 25, and May 6, 2023. See 2d. Am. Compl. [D.E. 16] at 5.

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). The second prong requires a showing that "the officials acted with a sufficiently culpable state of mind." Id. (quotation and emphasis omitted); see Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "In order to establish a claim of deliberate indifference to a medical need, the need must be both apparent and serious, and the denial must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); see Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

When a prisoner alleges denial or delay of medical care, the prisoner must show the official knew of and disregarded an objectively serious condition, known medical need, or substantial risk of serious harm. Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016); see Jackson v. Lightsey,

4

775 F.3d 170, 178 (4th Cir. 2014) (noting subjective prong of a deliberate indifference claim requires proof of "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by [the official's] action or inaction.")). Beyond such actual knowledge, the official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate." Iko, 535 F.3d at 241 (quotation marks and citation omitted).

Nevertheless, disagreements over forms of treatment concern medical judgments, not the Eighth Amendment, Scinto, 841 F.3d at 225, and mere negligence in diagnosis or treatment does not state a constitutional claim, see Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard–a showing of mere negligence will not meet it.").

In support of the motions for summary judgment, Thomas generally argues that, because Thomas was employed by the DAC at Nash C.I. from January 2013 until May of 2017, but did not work at Nash C.I. thereafter, there is no support for plaintiff's deliberate indifference claims against Thomas on the dates alleged in 2023. See Def.'s Mem. [D.E. 41] at 4; Mot. [D.E. 34].

Thomas declares, *inter alia*: Thomas was employed by the DAC as a full-time Licensed Practical Nurse ("LPN") at Nash C.I. from January 2013 through May 2017; Thomas does not recall evaluating or interacting with plaintiff who was among the over 600 inmates at Nash C.I.; since her departure in May 2017, Thomas has neither been employed by, nor worked at Nash C.I. in any capacity; and Thomas did not and still does not hold any feeling of ill-will toward plaintiff or otherwise wish him harm. See Def.'s Mem. Attach., Ex. 2, Thomas Decl. [D.E. 41-2].

The record supports Thomas' declaration. See Mot. Attach. [D.E. 34-1] (Aug. 30, 2024, DAC letter indicating Thomas worked at Nash C.I. from Jan. 2013 to May 2017). By contrast,

5

on the dates alleged in the second amended complaint, no record evidence supports any inference that Thomas knew of and disregarded plaintiff's serious medical needs or otherwise acted with the requisite culpable state of mind. Cf. Jackson, 775 F.3d at 178; Iko, 535 F.3d at 241.

As noted above, the operative second amended complaint is unverified, cf. Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021), and plaintiff also has not offered affidavits, declarations, or other competent summary judgment evidence in opposition to Thomas' motions for summary judgment despite receiving adequate notice under Roseboro and having an opportunity to do so, see Celotex, 477 U.S. at 324; cf. Pledger v. Lynch, 5 F.4th 511, 525–27 (4th Cir. 2021).

In short, the bald allegations in plaintiff's unverified second amended complaint, without more, are insufficient to defeat Thomas' motions for summary judgment. Fed. R. Civ. P. 56(e); see Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) ("conclusory allegations or denials, without more, are insufficient to preclude granting [a] summary judgment motion"); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) ("neither '[u]nsupported speculation,' nor evidence that is 'merely colorable' or 'not significantly probative,' will suffice to defeat a motion for summary judgment" (internal citations omitted)).

Thus, after viewing the evidence and the reasonable inferences drawn therefrom in the light most favorable to plaintiff, Scott, 550 U.S. at 378, Thomas has met the burden of showing the absence of evidence to support plaintiff's Eighth Amendment claims, Celotex, 477 U.S. at 325, whereas plaintiff merely relies upon the bald allegations in his unverified second amended complaint, Anderson, 477 U.S. at 248, and fails to "come forward with specific facts showing that there is a genuine issue for trial," Matsushita, 475 U.S. at 587 (emphasis and quotation omitted). Accordingly, Thomas is entitled to summary judgment. Anderson, 477 U.S. at 249.

6

Finally, because plaintiff failed to find an address and file a proposed summons as to Griffith in the time allowed by the court's January 7, 2025 order, Griffith is dismissed without prejudice as a defendant. See Fed. R. Civ. P. 4(m).

## Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE Griffith as a defendant; GRANTS Thomas' motions for summary judgment [D.E. 34, 40]; and DIRECTS the clerk to close the case.

SO ORDERED this 26th day of February, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge

7